JAMES, J.,
dissenting:
¶ 18. I respectfully dissent from the majority’s opinion and agree with the argument asserted by Smiley, that the Commission’s decision to reverse the AJ’s finding that Smiley suffered a compensable work-related injury was not supported by *661 substantial evidence. This court must defer to the Commission on issues of weight and credibility; however, “the Commission’s ultimate decision must be based on substantial evidence.” Guy v. B.C. Rogers Processors Inc., 16 So.3d 29, 35 (¶ 24) (Miss.Ct.App.2008). “Substantial evidence requires more than mere conjecture or possibility.” Id.
¶ 19. We have held that “[w]hen testimony is undisputed and not so unreasonable as to be unbelievable, taking into account the factual setting of the claim, the claimant’s testimony generally ought to be accepted as true.” Id. at 36 (¶ 25). “Contradiction exists when there is affirmative evidence to the contrary.” Id. Likewise, uncorroborated testimony of a claimant “should be accepted by the Commission unless it is inherently improbable, incredible, unreasonable, or shown to be untrustworthy.” Washington v. Woodland Village Nursing Home, 25 So.3d 341, 357 (¶ 40) (Miss.Ct.App.2009).
¶ 20. I do not think that Shelley’s deposition testimony qualifies as “affirmative testimony to the contrary” as to whether Smiley suffered a compensable work-related injury. Although there is conflicting testimony, the contradictions are equivocal, pertaining to when or if Smiley informed Shelley of the injury. The only contradictory testimony that pertains directly to whether or not Smiley suffered a work-related injury was Shelley’s testimony that when he asked Smiley if his injury was work related, Smiley said that it was not, and that Smiley referred to his back pain as an “old injury.” Shelley does not affirmatively state that Smiley did not suffer a work-related injury. I do not find these two purported statements to be substantial credible evidence to support reversing the AJ’s finding.
¶21. The Mississippi Supreme Court has held that in worker’s compensation cases, “doubtful cases are to be resolved in favor of compensation so that the beneficial purposes of the act may be achieved.” Meridian Prof'l Baseball Club v. Jensen, 828 So.2d 740, 744-45 (¶ 10) (Miss.2002). I find this to be such a case. Accordingly, I would reverse the Commission’s denial of Smiley’s claim.